IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ENRIQUE CARLOS MONTOYA and
ANNIE L. GREER,

        Plaintiffs,

v.   No. 15cv883 JCH/SCY

CITY OF LAS VEGAS, NEW MEXICO, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Plaintiffs' Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 2, 2015 (Doc. 1) ("Complaint"); and (ii) Plaintiff Montoya's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed October 2, 2015 (Doc. 2) ("Application").  For reasons set out below, the Court will **GRANT** Plaintiff Montoya's Application and **DISMISS** the Complaint **without prejudice.**  Plaintiffs may file an amended complaint within 21 days of entry of this Order.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962).  "[A]n application to proceed *in forma pauperis* should be evaluated in light

of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008)(citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. at 339.

The Court will grant Plaintiff Montoya's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff Montoya signed an affidavit in support of his Application declaring that he is unable to pay the costs of these proceedings and that the information in his Application is true. Plaintiff states that: (i) his average monthly income during the past 12 months is $1,247.00; (ii) his monthly expenses are $1,497.00; (iii) he has $1,150.00 in a checking account; (iv) he and his spouse are unemployed; and (v) his only assets are an 11-year old vehicle and a home valued at $70,000.00. The Court finds that Plaintiff is unable to pay the filing fee, because he is unemployed and his monthly expenses exceed his monthly income.

Plaintiff Greer did not file an application to proceed *in forma pauperis.*

**Dismissal of Proceedings** *In Forma Pauperis*

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is

2

proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff filed the Complaint pursuant to 42 U.S.C. 1983. *See* Complaint at 1. The Complaint names "City of Las Vegas, et al." as defendants. The Complaint alleges that Defendant City of Las Vegas, through its "City Manager, City Attorney, Municipal Judge and others conspired" to deny "the basic right to have a City License for a concession trailer," "the police chief confiscated the motorhome and concession trailer unlawfully," and "city police officers" and "city employees" harassed Plaintiff Montoya. *See* Complaint at 7-8. Regarding the harassment claim, the Complaint alleges:

> The city has also taken it upon itself with the guidance of the City Attorney to increase his mother's water bill, whom he cares for, by one hundred dollars a month

3

> the last four months, and trash pick up is not consistent, and city police officers enter the property without notice, along with city employees, as an effort to harass defendant Montoya.

Complaint at 8. Except for City Attorney David Romero, the Complaint does not identify the other City employees by name.

The Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant City of Las Vegas. "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-753 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc. *754 Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)). There are no allegations in the Complaint that a City of Las Vegas policy or custom was the moving force behind the constitutional deprivations alleged in the Complaint.

The Court will dismiss the claims against the City employees without prejudice. The Complaint makes broad and vague allegations regarding conspiracy, due process and other civil rights violations, denial of a license and confiscation of vehicles, but does not set forth specific facts supporting those allegations. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based). The Complaint fails to state with any particularity what each individual defendant did to Plaintiff, when the defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at*

*Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Complaint indicates that some of the issues in the Complaint were considered by the municipal court and were appealed to the state district court. *See* Complaint at 5, 8. Federal district courts do not have jurisdiction to review state court judgments where the relief sought is in the nature of appellate review. *See Sockey v. Gray*, 159 Fed.Appx. 821, 822 (10th Cir. 2005) (citing *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) ("Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983.")).

Finally, the Complaint names two plaintiffs, Mr. Montoya and Ms. Greer, both of whom are proceeding *pro se*. Plaintiff Greer was not added to the docket because she did not sign the Complaint as required by Rule 11 of the Federal Rules of Civil Procedure. Plaintiff Montoya stated that he has power of attorney for Plaintiff Greer and that he would fax the power of attorney to the Court later. Even if Plaintiff Montoya has power of attorney, he may not sign the Complaint, amended complaint or any other documents filed on behalf of Plaintiff Greer. Rule 11 requires that "[e]very pleading, written motion, and other paper **must** be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a) (**emphasis added**). Furthermore, Plaintiff Montoya may not represent Plaintiff Greer in this case because Plaintiff Montoya is not an attorney licensed to practice in this Court. *See Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) ("The right to proceed pro se in a civil action in federal court is guaranteed by 28 U.S.C. § 1654. [B]ecause *pro se* means to

appear for one's self, [however,] a person may not appear on another person's behalf in the other's cause[;] rather, a person must be litigating an interest personal to him.").

Because it is dismissing all of the claims against Defendants, the Court will dismiss the Complaint without prejudice.  Plaintiff Montoya may file an amended complaint within 21 days of entry of this Order.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

If Plaintiff Greer wishes to proceed in this case, she must personally sign every document filed on her behalf and either pay the $400.00 fee to initiate an action or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of summons at this time.  The Court will order service if Plaintiff Montoya timely files an amended complaint which states a claim.  Plaintiff Montoya's amended complaint must include the name and address of every defendant named in the amended complaint for the Court to effect service.

**IT IS ORDERED** that Plaintiff Montoya's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 2, filed October 2, 2015, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff Montoya's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 2, 2015, is **DISMISSED without prejudice.**  Plaintiff Montoya may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**