IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ENRIQUE CARLOS MONTOYA and
ANNIE L. GREER,

        Plaintiffs,

v.                                  No. 15cv883 JCH/SCY

CITY OF LAS VEGAS, NEW MEXICO, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Appointment of Counsel, Doc. 4, filed October 2, 2015, and on Plaintiff's Motion for Clarification and Extension of Time, Doc. 9, filed November 16, 2015. For the reasons stated below, the Court will **DENY** the Motion for Appointment of Counsel and **GRANT** the Motion for Clarification and Extension of time.

On October 2, 2015, Plaintiff filed a Complaint, Doc. 1, an Application for leave to proceed *in forma pauperis*, Doc. 2, and a Motion for Appointment of Counsel, Doc. 4. The Court granted Plaintiff's Application for leave to proceed *in forma pauperis*, reviewed Plaintiff's Complaint pursuant to the statute governing proceedings *in forma pauperis*, dismissed the Complaint without prejudice for failure to state a claim, and granted Plaintiff until November 12, 2015 to file an amended complaint. Plaintiff did not file an amended complaint by the November 12, 2015 deadline.

On November 16, 2015, Plaintiff filed a Motion for Clarification and Extension of Time. *See* Doc. 9. Plaintiff asks the Court for an additional 21 day extension of time in which to find counsel, because he had been hospitalized and because of his mother's recent death. The Court

will grant the motion and extend the deadline for filing an amended complaint to one month after the date of entry of this Order.  *See* Doc. 8.  Failure to file an amended complaint within one month of entry of this Order may result in dismissal of this case without prejudice.

The Court will deny Plaintiff's Motion for Appointment of Counsel. "[C]ivil litigants have no right to counsel."  *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). "Factors to be considered in deciding whether to appoint counsel [in a civil case] include the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims."  *Spencer v. City of Cheyenne*, 1 Fed.Appx. 863, 865 (10th Cir. 2001).  When a Plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  Plaintiff states the following grounds for appointment of counsel:

>    1.  Plaintiff is indigent as noted in his request to proceed [in] forma pauperis.
>
>    2.  The ends of fundamental justice will be served.
>
>    3.   The blatant abuse of authority is substantial, notwithstanding non-existent ordinances used to perpetrate a capricious conspiracy.
>
>    4.  The right to make a living, a fundamental right was denied in several manners and actions, not allowed to receive a business license and the unlawful removal of said motorhome/concession trailer without due process.
>
>    5.  The facts are well documented as per the record and testimony.

Motion to Appoint Counsel at 1.  Based on its review and dismissal of Plaintiff's original Complaint, the Court finds that Plaintiff has sufficient ability to present his claims but that there is not sufficient merit to his claims to warrant the appointment of counsel.   *See* Mem. Op. and Order,

Doc. 8 (summarizing Plaintiff's claims and explaining why the Court dismissed those claims). Furthermore, the factual and legal issues involved in Plaintiff's Complaint are not complex

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 4, filed October 2, 2015, is **DENIED.**

**IT IS ALSO ORDERED** that Plaintiff's Motion for Clarification and Extension of Time, Doc. 9, filed November 16, 2015, is **GRANTED.**  Plaintiff may file an amended complaint within one month of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**